Filed 10/29/24  In re M.F. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re M.F., a Person Coming Under the Juvenile Court Law. | C100650 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES, | (Super. Ct. No. JD242334) |
| Plaintiff and Respondent, | |
| v. | |
| S.W. et al., | |
| Defendants and Appellants. | |

Both parents of the minor M.F. appeal from the juvenile court's March 8, 2024, orders terminating their parental rights and freeing the minor for adoption.  (Welf. & Inst. Code, § 366.26.)[1]  Both parents argue the Sacramento County Department of Child,

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

Family and Adult Services (Department) failed to conduct an adequate inquiry into the minor's possible Native American heritage under the Indian Child Welfare Act (ICWA) and request remand. (25 U.S.C. § 1901 et seq.; § 224.2.) The Department does not oppose the request. We will conditionally reverse for further ICWA compliance.

FACTUAL AND PROCEDURAL BACKGROUND

We limit our recitation of the background to information necessary for disposition of the issue on appeal. In January 2023, the Department filed petitions alleging that the newborn minor came within the provision of section 300, subdivision (b)(1), failure to protect.

In January 2023, mother, father, and maternal grandmother each denied having any Native American heritage. During the detention hearing later that month, the juvenile court detained the minor and found there was no reason to believe the minor was an Indian child. The court directed the Department to comply with its duty under ICWA to inquire with available family and extended family members.

The Department filed an ICWA compliance report in February 2023. The social worker had attempted to call paternal great-grandmother, maternal grandmother, and maternal great-grandmother to inquire further about Native American ancestry, but she had not yet reached any of them. The social worker had again spoken with mother, who mentioned she might have Native American ancestry but then said she did not. Mother provided names and locations of family members and agreed to fill out a family tree. Meanwhile, father told the social worker he might have Native American ancestry with the Navajo tribe, through the paternal great-grandfather. He provided names and locations of family members and agreed to fill out a family tree. The report included a list of the limited known information about father's relatives. According to this list, paternal grandfather and paternal great-grandfather were each deceased and their dates of birth, places of birth, and exact dates of death were unknown.

2

The report noted that, on February 21, 2023, the social worker had contacted by mail the Navajo regional director and the Navajo Nation of Arizona, New Mexico, and Utah. The record does not contain a copy of what was sent, but the report notes that the social worker sent a family tree. It is unclear from the record whether the family tree included anything beyond the limited information contained in the report about father's relatives. Neither entity had yet responded.

The February 2023 jurisdiction/disposition report noted that father was on good terms with his siblings, paternal uncle (who lived nearby), and paternal aunt (who lived with paternal grandmother).

During a February 2023 hearing, the juvenile court asked the parents if they had Native American ancestry, and mother responded that she did not. Father responded: "Maybe. I'm not sure." Father said he did not "have a tribe," but "It reminds me of what my grandmother and grandfather did." When the court asked the parents if either had relatives or close family friends who might be able to care for the minor, father said he had a lot of family. The court found there was reason to believe the minor may be an Indian child.

In March 2023, the juvenile court assumed jurisdiction, adjudged the minor to be a dependent child of the court, ordered him removed from parental custody, and ordered that reunification services be provided to mother.

An April 2023 progress report stated that neither parent had provided any additional information regarding Native American ancestry. In a subsequent hearing later that month, the juvenile court asked the Department to conduct a "diligent inquiry in terms of contact with the already identified relatives."

A progress report from later that month noted a paternal adult sibling had told the social worker the family had Native American heritage. Although the paternal sibling was unsure which tribe, she said the paternal grandmother would know. The paternal grandmother did not answer when the social worker tried calling to ask about Native

3

American heritage. The social worker was unable to leave a message because the voice mail box was full. A maternal uncle also did not answer the social worker's call, but the social worker was able to leave a message. The Navajo Regional Office acknowledged receipt of the Department's request for "additional inquiry as to the status of [the minor's] enrollment eligibility," but had not yet responded.

In March 2023, the Navajo Nation notified the Department it was in the process of verifying the minor's eligibility for enrollment. The tribe urged ICWA compliance.

A June 2023 progress report noted the paternal grandmother had told the social worker that father did not have any Native American ancestry and added that there were no other relatives with additional information. The maternal uncle told the social worker that neither he nor mother had any Native American ancestry.

During a hearing later that month, the juvenile court found that the Department had conducted a diligent ICWA inquiry and there was no reason to know that the minor was an Indian child. As such, ICWA did not apply.

During a July 2023 hearing, mother again denied having any Native American ancestry.

During the October 2023 six-month review hearing, the juvenile court denied father's request for reunification services, terminated reunification services for mother, and set the matter for a section 366.26 hearing. It did not revisit its earlier findings that ICWA did not apply.

In March 2024, the juvenile court terminated parental rights as to both mother and father, and freed the minor for adoption. The court did not make further findings regarding ICWA. The parents timely appealed.

## DISCUSSION

The ICWA defines an " 'Indian child' " as a child who "is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4).) "Under ICWA's state

4

analogue, the California Indian Child Welfare Act (Cal-ICWA) [citation], courts and child welfare agencies are charged with 'an affirmative and continuing duty to inquire whether a child . . . is or may be an Indian child' in dependency cases." (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1125 (*Dezi C.*); § 224.2, subd. (a).)

Section 224.2 creates three distinct duties regarding ICWA in dependency proceedings. The first is relevant here. "First, from the [Department]'s initial contact with a minor and his [or her] family, the statute imposes a duty of inquiry to ask all involved persons whether the child may be an Indian child. (§ 224.2, subds. (a), (b).)" (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1052.) "Inquiry includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child and where the child, the parents, or Indian custodian is domiciled." (§ 224.2, subd. (b)(2).) This court had previously held that the duty to inquire of extended family members applies to all children, regardless of the basis for detention. (*In re C.L.* (2023) 96 Cal.App.5th 377, 384-390.) "Extended family members include adults who are the child's stepparents, grandparents, siblings, brothers- or sisters-in-law, aunts, uncles, nieces, nephews, and first or second cousins. (25 U.S.C. § 1903(2); § 224.1, subd. (c).)" (*In re K.H.* (2022) 84 Cal.App.5th 566, 597.)

A juvenile court's finding that ICWA does not apply is "subject to reversal based on sufficiency of the evidence." (§ 224.2, subd. (i)(2); *Dezi C.*, *supra*, 16 Cal.5th at p. 1134.) The court's "fact-specific determination that an inquiry is adequate, proper, and duly diligent is 'a quintessentially discretionary function' [citation] subject to a deferential standard of review." (*Dezi C.*, at p. 1141.) " 'On a well-developed record, the court has relatively broad discretion to determine whether the agency's inquiry was proper, adequate, and duly diligent on the specific facts of the case. However, the less developed the record, the more limited that discretion necessarily becomes.' " (*In re Kenneth D.* (2024) 16 Cal.5th 1087, 1101-1102.)

In this case, the parents contend the Department failed to conduct an adequate inquiry into whether the minor has Native American heritage, and the Department has filed a letter of non-opposition. The Department's letter notes the parents' argument that "the Department failed to comply with the duty of further inquiry" and indicates that it "does not oppose [that] argument," asking for conditional affirmance and remand.

Some evidence does support the Department's concession. Father reported Native American ancestry with the Navajo tribe through his great-grandfather. The adult sibling confirmed the family had Native American heritage, although she was unsure of the tribe. The Department failed to contact father's two adult siblings, who were available and might have provided information about their ancestry or biographical family information to assist the Navajo tribe in its investigation. The Department had a duty to interview these extended family members, especially since the record indicates it had only limited biographical information to send to the Navajo Nation and Navajo regional director.

In addition, even though the Navajo Nation informed the Department in March 2023 that it was in the process of verifying the minor's enrollment or eligibility for enrollment, there is nothing in the record indicating the Department followed up with the Navajo Nation before the juvenile court made its June 2023 finding that ICWA did not apply.

In light of the limited record and the Department's non-opposition, we will conditionally reverse the juvenile court's orders and remand the case for further proceedings. (*Dezi C.*, *supra*, 16 Cal.5th at p. 1152 [termination orders must be conditionally reversed when "error results in an inadequate Cal-ICWA inquiry"].) The Department is to make additional inquiry and documentation efforts consistent with its duties, and the juvenile court shall hold a hearing thereafter to determine whether, in light of the outcome of the inquiry as documented, ICWA applies. (*Id*. at p. 1137.) If the juvenile court determines that the inquiry is "proper, adequate, and duly diligent and concludes that ICWA does not apply, any inquiry error is cured," and the judgment shall

6

be reinstated.  (*Ibid.*)  In contrast, if the inquiry reveals a reason to know that the minor is an Indian child, the tribe has been notified, and the tribe determines the minor is a member or citizen, or eligible for membership or citizenship, of an Indian tribe, ICWA applies, and the court must proceed in accordance with ICWA.  (*Id.* at p. 1138.)

### DISPOSITION

The orders terminating parental rights are conditionally reversed, and the matter is remanded for the limited purpose of complying with the inquiry and notice provisions of ICWA.  If the juvenile court thereafter finds the further inquiry was proper and adequate, due diligence has been conducted, and concludes that ICWA does not apply, the orders shall be reinstated.  If, however, the juvenile court concludes that ICWA applies, the juvenile court is ordered to conduct a new section 366.26 hearing and proceed in accordance with ICWA and California implementing provisions.


_____/s/_____
Duarte, Acting P. J.


We concur:


_____/s/_____
Renner, J.


_____/s/_____
Mesiwala, J.

7